UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Fernando White,<br><br>    Plaintiff,<br><br>v.<br><br>Merrick Bank,<br><br>    Defendant. | § § § § § § § § § § | Civil Action No. 3:19-cv-00019 |

## COMPLAINT

Plaintiff Fernando White ("White" or "Plaintiff") files this complaint against Defendant Merrick Bank ("Defendant"), and, in support thereof, states as follows:

### INTRODUCTION

1. This is an action for actual damages, statutory damages, and attorney fees and costs for violation of the Fair Credit Billing Act (part of the Truth in Lending Act) (FCBA), 15 U.S.C. §§ 1666 et seq. and Regulation Z thereunder.

2. As enacted in 1974, the purpose of the FCBA is to protect consumers from "unfair and inaccurate credit billing and credit card practices." (1974 U.S. code Cong. And Adm. News, pp. 6119, 6152). The FCBA applies to open-end credit transactions, mainly credit cards. Among the specifically enumerated examples of billing errors subject to FCBA protection is unauthorized charges. 15 U.S.C. § 1666(b)(1) ("A reflection on a statement

of an extension of credit which was not made to the obligor or, if made, was not in the amount reflected on such statement.")

3. As alleged in this Complaint, the charged to Plaintiff's credit card with Merrick Bank for $232.64 for goods or services, by the written agreement with merchant, was unauthorized

4. Plaintiff timely submitted a billing dispute to Merrick Bank, but it failed to remove the unauthorized charges. Thus, Merrick failed to investigate and correct the billing error.

5. This action now seeks declaratory, compensatory, statutory, and punitive damages, and costs and reasonable attorneys' fees against Defendant for their negligent, willful, and knowing violations of the FCBA.

## PARTIES

6. At all relevant times, White is a natural person who resides in Austin, Texas.

7. At all relevant times, Defendant Merrick Bank is a foreign-for-profit corporation doing business in the state of Texas. Process of service may be had on Defendant at its Registered Agent, Brian W. Jones, 10705 S. Jordan Gateway, Ste 200, South Jordan, UT 84095.

## JURISDICTION AND VENUE

8. As this action arises under federal and state laws, jurisdiction lies pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1367(a), and 28 U.S.C. § 1367.

9. Venue lies in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

10. On or about April 14, 2018, Plaintiff entered into an agreement with Payless Car Rental ("Payless") through priceline.com for the rental of a car for twenty-four hours for an estimated charge of $22.99 (the "Agreement').

11. Pursuant to the Agreement, Plaintiff was to pick the rental car up at Dallas Love Field airport on April 14, 2018. He was obligated to return the rental car within twenty-four hours before 12 p.m. on April 15.

12. Plaintiff properly complied with all conditions of the Agreement, including returning the rental car with a full gas tank prior to the deadline.

13. On returning the car, Payless refused to provide White a printout confirmation showing the condition of the rental car, including the fuel level or damage to the car. Payless also refused to provide White with a receipt. To protect himself from authorized charges, White documented the condition of the rental car and the fuel level.

14. As Plaintiff properly compiled with all conditions of the Agreement, Payless was thereby only authorized to charge $22.99 for the car rental.

15. Around April 16, 2018 Plaintiff noted that Payless had a pending charge well in excess of the authorized amount of $232.64 to his Merrick Bank Charge Account with Defendant. On April 18, 2018, Plaintiff saw that the status of the unauthorized charge had changed from pending to charged.

16. Plaintiff disputed the unauthorized charges with Payless, under reference numbers 281955 and 963892, immediately and several times.

17. On May 5, 2018, Payless notified Plaintiff that it was closing all inquiries on the account and retaining the charges.

18. As his disputes with Payless failed to remove the unauthorized charges, Plaintiff disputed the charges in writing with Merrick Bank on May 29, 2018.

19. On July 2, 2018, Merrick Bank notified Plaintiff that the transaction was a valid charge for which he was obligated to pay. Defendant changed the status of the charge from dispute to valid. Defendant thus held Plaintiff obligated for the unauthorized charges.

20. Defendant failed to refund any of the unauthorized charges to Plaintiff's credit card.

21. In determining that the charge was valid, Merrick Bank failed to investigate, correct, or explain the unauthorized charge.

22. All conditions precedent to this action have been complied with, waived, or performed.

### VIOLATION OF THE FAIR CREDIT BILLING ACT
### 15 U.S.C. §§ 1666 *ET SEQ.*

23. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

24. Plaintiff entered into an open-end credit transaction, namely a credit card account, with Defendant for personal, family, and household purposes.

25. At all times relevant hereto, Defendant, in the ordinary course of business, regularly extended open-end consumer credit, pursuant to a Merrick Bank Charge Account, on which Defendant assessed finance charges.

26. Defendant did not issue to Plaintiff's credit card a refund of the charges lodged to his credit card without his authorization.

27. Failure to issue the refund was inaccurate and incorrect as Plaintiff was due a refund for the unauthorized charges and for services and goods not delivered.

28. Within sixty days after transmission of the statement, in accordance with Defendant's policies and instructions, Plaintiff sent a written notice disputing the inaccurate and incorrect charges to Defendant's billing dispute department.

29. Defendant did not, within two complete billing cycles after receipt of the notice, either correct the error and transmit to plaintiff a notification of the corrections or investigate the error and send Plaintiff a written explanation, as required by 15 U.S.C. § 1666(a)(3)(B).

30. Defendant's actions caused Plaintiff actual damages as in the loss of his duly owed refund in the amount of $232.64, loss of time, and attorney fees and costs.

31. Defendant's actions were part of a pattern or practice of failure to comply with its obligations under the Fair Credit Billing Act.

## DEMAND FOR JURY TRIAL

32. Plaintiff hereby demands trial by jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff prays for:

A. That the Court adjudge and decree that Defendant has engaged in the conduct complained of herein.

B. That the Court find that Defendant violated the FCBA.

C. Actual damages in the amount of $232.24;

D. Statutory damages in the amount of double the finance charge, pursuant to 15 U.S.C. § 1640(a)(2), with a minimum award of $500 and a maximum award of $5,000, or such higher amount as may be appropriate in light of the Defendant's pattern or practice of noncompliance;

E. Pursuant to 15 U.S.C. § 1666(e), an order requiring Defendant to forfeit any right to collect the first $50 of the disputed amount and any finance charges thereon from Plaintiff;

F. An order requiring Defendant to credit Plaintiff with the disputed amount and related finance charge or other charges;

G. Costs and attorney fees; and

H. Such other relief as the Court deems proper.

Date: January 4, 2019                                    Respectfully submitted,

                                            By:/s/Ramona Ladwig
                                            Ramona Ladwig, Esq.
                                            State Bar No. 24092659
                                            Anthony P. Chester, Esq.
                                            State Bar No. 24092253
                                            **HYDE & SWIGART**
                                            1910 Pacific Ave, Suite 14155
                                            Dallas, TX 75201
                                            Telephone:   (214) 880-6362
                                            Facsimile:   (800) 635-6425
                                            ramona@westcoastlitigation.com

                                            *Attorneys forPlaintiff*